IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| EMILIANO MARTINEZ and SONIA MARTINEZ | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO._____ |
| v. | § § | |
| HOMESITE INSURANCE COMPANY and GEICO INSURANCE AGENCY, INC. | § § § § § § | On removal from the 49th Judicial District Court of Webb County, Texas Cause No. 2022CVH000840D1 |
| Defendants. | § | |

**DEFENDANT HOMESITE INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, Defendant, Homesite Insurance Company ("Homesite"), files this Notice of Removal of this action from the District Court of Webb County, Texas, to the United States District Court for the Southern District of Texas, Laredo Division.[1] In support of this removal, Homesite states as follows:

**INTRODUCTION**

1.  Homesite issued a Texas Homeowners' Insurance Policy to Plaintiffs Emiliano and Sonia Martinez ("the Policy"). Plaintiffs own the insured property, located at 4010 Calle Tuxpan, Laredo, Texas 78046 ("the Property"). Plaintiffs allege damage to the Property due to a storm, which moved through the area on or about May 17, 2021. Plaintiffs allege that they submitted a claim to Homesite against the policy for damages to the Property due to the storm. Plaintiffs now contend Homesite has failed to pay out policy proceeds, and has resultingly breached the insurance

---

[1] Homesite files this Notice of Removal without waiver of any claims or defenses including, but not limited to, any objection to this Court's assertion of personal jurisdiction over Homesite in this matter. *See, e.g., Alliantgroup, L.P. v. Feingold,* No. H- 90-0479, 2009 WL 1109093, at *6 (S.D. Tex. April 24, 2009) (personal jurisdiction objection may be raised after removal).

1

agreement, violated provisions of the Texas Insurance Code, and breached the duty of good faith and fair dealing. Plaintiffs contend that under the policy, they are entitled to insurance proceeds of $250,000 or more, in addition to pre-judgment interest, attorneys' fees, and court costs. Plaintiffs filed suit in Webb County, Texas state court against Homesite and Geico Insurance Agency, LLC[2] ("Geico") seeking to recover these amounts under Cause No. 2022CVH000840D1, styled *Emiliano Martinez and Sonia Martinez v. Homesite Insurance Company and Geico Insurance Agency, Inc*. (EXHIBIT B). Plaintiffs served Homesite with the petition on or about July 5, 2022. *Id*.

2. This Court has original subject matter jurisdiction over this case under 28 U.S.C. § 1332. Plaintiffs are citizens of the State of Texas and Homesite is a citizen of the State of Wisconsin. (EXHIBITS B, C, & D). Geico is a citizen of the State of Maryland. (EXHIBIT E). Therefore, Plaintiffs are diverse in citizenship from Homesite.

3. With regard to the amount in controversy, Plaintiffs' petition seeks to recover between $250,000 and $1,000,000, plus interest, attorneys' fees, and court costs. (EXHIBIT B). Plaintiffs seek treble and punitive damages for violations of the Texas Insurance Code and breach of the duty of good faith and fair dealing. *Id.* Additionally, Plaintiffs seek penalty payments for violations of the Texas Prompt Payment of Claims Act. Thus, the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

**BASIS FOR REMOVAL**

4. Pursuant to 28 U.S.C. § 1332, this action could have been filed in this Court in that there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[2] Incorrectly named Geico Insurance Agency, Inc. (EXHIBITS B & E).

**A.**     **<u>Complete Diversity of Citizenship Exists.</u>**

5.     Plaintiffs allege in their Original Petition that they are residents of Webb County, Texas. (EXHIBIT B). Homesite is a Wisconsin corporation authorized to engage in the insurance business in Texas, rendering it a citizen of the State of Wisconsin. (EXHIBITS C & D). Geico is a Maryland limited liability company authorized to engage in the insurance business in Texas, rendering it a citizen of the State of Maryland. (EXHIBIT E).

**B.**     **<u>Plaintiffs Request an Amount in Excess of the Jurisdictional Minimum.</u>**

6.     In addition to the citizenship requirements, 28 U.S.C. § 1332(a) provides that the "district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000…."

7.     Plaintiffs' Original Petition alleges damages of greater than $250,000. (EXHIBIT B). Thus, the amount in controversy for removal jurisdiction is met.

**C.**     **<u>All Other Requirements for Removal Have Been Satisfied.</u>**

8.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of the date on which Homesite was served with the Petition. (EXHIBIT B). Through the filing of this Notice of Removal, Homesite expressly reserves, and does not waive, any defenses relating to service of process including, but not limited to, insufficient process or insufficient service of process. *See Padre Nterprises, Inc. v. Rhea*, 2012 WL 1072849, No. 4:11CV674, at *1 (E.D. Tex. Mar. 29, 2012) (defense of improper service is not waived through filing of notice of removal).

9.     Homesite has sought no similar relief with respect to this matter.

10.     Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending.

11. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

12. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the District Clerk of Webb County, Texas.

13. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

14. In accordance with 28 U.S.C. § 1446 and Local Rule 81, Homesite attaches the following documents as exhibits:

   i. Index of Matters Being Filed (EXHIBIT A);

   ii. Citation of Service on Defendants and Plaintiffs' Original Petition (EXHIBIT B);

   iii. Company Summary from the National Association of Insurance Commissioners (EXHIBIT C);

   iv. Financial Examination Report from the Wisconsin Commissioner of Insurance (EXHIBIT D);

   v. Articles of Organization from the Maryland Secretary of State (EXHIBIT E);

   vi. Docket Sheet (EXHIBIT F); and

   vii. List of counsel of record and parties represented (EXHIBIT G) (there have been no orders signed by the state court judge).

15. The allegations in this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Southern District of Texas, and this cause is removable to the United States District Court for the Southern District of Texas.

16. The undersigned represents Homesite in this matter.

17. If any questions arise with regard to the propriety of the removal of this action, Homesite requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

Respectfully submitted,

**THE HUDGINS LAW FIRM, P.C.**

By:   /s/ Steven F. Hudgins
Steven F. Hudgins
Attorney in Charge
State Bar Number 00793993
Southern District Bar Number 19623
24 Greenway Plaza, Suite 2000
Houston, Texas 77046
Telephone (713) 623-2550
Facsimile  (713) 623-2793
shudgins@hudgins-law.com

**ATTORNEYS FOR DEFENDANT,
HOMESITE INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      Pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases, United States District Court, Southern District of Texas, I certify that service of Defendant Homesite Insurance Company's Notice of Removal on known Filing Users will be automatically accomplished through the Notice of Electronic Filing on the 22nd of July 2022.

                                                         s/ Steven F. Hudgins
                                                         Steven F. Hudgins